RECEIVED
IN CLERK'S OFFICE
JAN 2 8 2010
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LaBryant King,

   Plaintiff,

Vs.          CASE NO.

Governor Phil Bredesen,Tennessee
Board of Probation And Parole(**herein Board**),
Tennessee Department of Corrections (**herein
T.D.O.C.**), Commissioner George M.
Little,**T.D.O.C.** General Counsel Debra K.
Inglis, **T.D.O.C.** Legal Administrator W.G.Lutche;
**T.D.O.C. Sentence Computation/Sentence
Information Director** Candice Whisman, and Ben
Lindamood, Et al.,

      **Motion For Relief From Judgment**

 COMES NOW, the Plaintiff, LaBryant King, *Pro se,* in and of his own person, pursuant to **F.R.Civ.P., Rule 60(b);** and respectfully moves this **Honorable Court** to relieve him from the January 20, 2010, **Order** denying his request for **Motion For Service Of Process.** See[United States District Court, Middle District of Tennessee, Civil Docket for case No. 3:08-cv-1046, Docket Entry No. 23].

 Specifically, through mistake and inadvertence this **Honorable Court** has clearly overlooked and misapprehended the material fact that the Sixth Circuit Court of Appeals on December 17, 2009, ruled that "The district court improperly relied on *Periser* because King's complaint challenges the parole procedure. He Has not sought an immediate or speedier release." More over, this Court through mistake and inadvertence has clearly overlooked and misapprehended the material fact that the case was remanded to this court. See [**Exhibit No. 1: Order, December 17, 2009, Attached,** see also General U.S. Court of Appeals for the Sixth Circuit, Court of Appeals Docket # 08-6483, 12/17/07].

1

[handwritten annotation in right margin, partially illegible: "Denied. This motion is grant[ed in part]. The Clerk shall mail process and list the [parties in] General's Order remanding the action."]