IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LABRYANT KING <br><br> Plaintiff, <br><br> v. <br><br> BILL HASLAM, TENNESSEE BOARD OF PROBATION AND PAROLES, TENNESEE DEPARTMENT OF CORRECTION, DERRICK SCHOFIELD, DEBRA K. INGLIS, W. G. LUTCHE, CANDICE WHISMAN, BEN LINDAMOOD <br><br> Defendants. | No. 3:08-cv-1046 <br> JUDGE HAYNES |

# MEMORANDUM

Plaintiff, LaBryant King, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Governor Phil Bredesen in his official capacity, the Tennessee Board of Probation and Paroles, the Tennessee Department of Correction, George M. Little in his official capacity as Commissioner of the Tennessee Department of Corrections, Debra K. Inglis, W.G. Lutche, Candice Whisman and Ben Lindamood. Governor Bill Haslam and Tennessee Department of Correction Commissioner Derrick Schofield replaced Defendants Bredesen and Little in this action. Fed. R. Civ. P. 25(d)(1); (Docket Entry No. 82, Notice of Substitution). Plaintiff's specific claim is that the Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment by improperly declining to certify his eligibility for parole.

Before the Court is Defendants' second motion for summary judgment, (Docket Entry No. 84), arguing, in sum, that Plaintiff is ineligible for parole because Plaintiff's sentence for sale of drugs in a school zone must serve the complete term of his sentence; the theory of

respondeat superior is an insufficient basis for liability for Defendants Haslam, Schofield and Inglis, and there is not any evidence that Plaintiff was treated any differently than any other similar situated inmates convicted for sale of drugs in a school zone.

Also before the Court are Plaintiff's motions to postpone consideration of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) (Docket Entry No. 86) and a motion to compel discovery.[1] (Docket Entry No. 91). Both motions contend that Defendants' responses to Plaintiff's interrogatories have been insufficient and therefore Plaintiff has not had a full opportunity to conduct discovery sufficient to defeat a motion for summary judgment.

For the reasons set forth below, the Court finds that there has been sufficient discovery and that there are no material factual disputes. The Court also concludes that Plaintiff has failed to offer evidence that his constitutional rights were violated. Thus, Defendants' motion for summary judgment should be granted and Plaintiff's motions should be denied and his claims should be dismissed.

### 1. Finding Of Facts[2]

Plaintiff, LaBryant King, is an inmate of the Tennessee Department of Correction (TDOC) and is housed at Northwest Correctional Complex in Tiptonville, TN. (Docket Entry No. 1, Complaint). Plaintiff was convicted for the sale of a controlled substance over .5 grams made within 1,000 feet of a school on October 13, 1998. (Docket Entry No. 56, Affidavit of Candace Whisman at ¶ 3). Plaintiff was sentenced to fifteen years' incarceration in accordance

---

[1] The 2010 Amendment of the Federal Rules have moved the substance of the prior Rule 56(f)(2) to Rule 56(d). Plaintiff cites to Fed. R. Civ. P. 56(f)(2) in his motion. (Docket Entry No. 86, Plaintiff's Motion to Postpone or Continue at 1).

[2] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As will be discussed infra, under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict. Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986). Under the applicable law, the Court concludes that there are not any material factual disputes. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

with Tenn. Code Ann. § 39-17-432. Id. The offense was committed on January 8, 1997, and Plaintiff was awarded 363 days of pretrial jail credit on this sentence. Id.

Tenn. Code Ann. § 39-17-432(c) requires that a defendant serve at least the minimum sentence under the defendant's sentence range without the application of any sentence reduction credits for a drug offense committed within 1,000 yards of a school. Id. at 4. Plaintiff was convicted of a Class A offense and the minimum sentence for a Class A offense is fifteen years for a standard range one offender. Id. The Defendants calculates Plaintiff's sentence as follows:

> Mr. King's sentence calculation reflects a sentence effective date of October 15, 1997 based on the sentence imposed date minus pretrial jail credit, a release eligibility date of October 15, 2012 based on the minimum sentence required to serve, and an expiration date of October 15, 2012. Any sentence reduction credit he has earned to date has not reduced the minimum time he is required to serve. He is required to serve the minimum sentence in full prior to any parole consideration. In his case, the minimum sentence is the same as the sentence imposed by the court, therefore he will not be considered for parole on this sentence.

Id. at 6.

Plaintiff believes that his TOMIS sentencing letter reflects that he is serving a sentence of fifteen years at thirty percent and that there is no presumed or potential parole date listed. (Docket Entry No. 1, Complaint at 5). The gravamen of his complaint is that Defendants have denied him his right to due process by refusing to certify him as eligible for parole consideration. Id. at 12, ¶ VI. Plaintiff claims that the state's regulations and procedures create "creates a legitimate claim of entitlement, expectancy and presumption of certification for parole eligibility and binds [Defendants] to certify him eligible for parole consideration..." Id. at 12-13, ¶ VIII.

Plaintiff's judgment order reflects that he was sentenced for a school zone violation, and the "standard thirty percent, Range I" box, while checked, is crossed out. (Docket Entry No. 56, Judgment Order at 3). The special conditions section of the form reflects "this sale was made with in (sic) 1,000 feet of a school." Id.

3

## 2. Conclusions Of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a "material fact" for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Where there has been a reasonable

opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons, 874 F.2d at 353 (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]…must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (citations

5

omitted). See also Hutt v. Gibson Fiber Glass Products, 914 F.2d 790, 792 (6th Cir. 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'") (quoting Liberty Lobby).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
>
> \*   \*   \*
>
> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it. upon whom the onus of proof is imposed.'

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added). It is likewise true that:

> In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated.
>
> It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

6

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) (citation omitted).

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

7

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

As an initial matter, the Court denies Plaintiff's motion to postpone ruling on Defendants' motion for summary judgment under Fed. R. Civ. P. 56(d)(2). "Although the non-moving party has no absolute right to an extension of the discovery period, it may be able to prevent the immediate grant of a summary judgment motion…*if* it can demonstrate with specificity that the material to be discovered would be relevant, dispositive, and non-duplicative." Eastern Kentucky Cardiothracic Surgery P.S.C. v. Ashland Hosp. Corp., 119 Fed. Appx. 715, 715 (6th Cir. 2004) (quoting Allen v. CSX Transp., Inc., 325 F.3d 768, 775 (6th Cir. 2003)). "Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003).

The Court granted Plaintiff one continuance to allow discovery, (Docket Entry No. 75), and Plaintiff has received responses to seven separate sets of interrogatories and requests for production of documents. In his motion, Plaintiff does not cite these responses to seek further discovery, but instead challenges the sufficiency and content of the responses to his interrogatories. (Docket Entry No. 91).

Plaintiff's objections to Defendants' responses to the interrogatories and request for additional discovery are unpersuasive. Plaintiff does not argue that any supplementary material would impact the dispositive issue—that Plaintiff was convicted for selling drugs in a school zone and is thus statutorily ineligible for parole. For the reasons set forth above, Plaintiff's motion to postpone judgment on Defendants' motion for summary judgment (Docket Entry No. 86) and motion to compel discovery (Docket Entry No. 91) are denied.

As to Defendants' motion for summary judgment, the undisputed facts are that Plaintiff was found guilty of one count of sale of a controlled substance over .5 grams within 1,000 feet of a school. (Docket Entry No. 56, Judgment Order at 3). Tennessee law concerning the sale of drugs near a school sets forth the following relevant penalties:

> (b)(1) A violation of § 39-17-417, or a conspiracy to violate the section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000′) of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or public library, recreational center or park shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.
>
> ********
>
> (c) Notwithstanding any other provision of law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence. Any sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.

> **(d) Notwithstanding the sentence imposed by the court, the provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole, shall not apply to or authorize the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for the defendant's appropriate range of sentence.**
>
> **(e) Nothing in the provisions of title 41, chapter 1, part 5 shall give either the governor or the board of probation and parole the authority to release or cause the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for the defendant's appropriate range of sentence.**
>
> (f) Nothing in this section shall be construed as prohibiting the judge from sentencing a defendant who violated subsection (b) to any authorized term of incarceration in excess of the minimum sentence for the defendant's appropriate range of sentence.
>
> (g) The sentence of a defendant who, as the result of a single act, violates both subsection (b) and § 39-17-417(k), may only be enhanced one (1) time under those sections for each act. The state must elect under which section it intends to seek enhancement of the defendant's sentence and shall provide notice of the election pursuant to § 40-35-202.

Tenn. Code Ann. § 39-17-432 (emphasis added).

Plaintiff was sentenced as a standard Range I Class A felony offender. (Docket Entry No. 56, Judgment Order at 3). The sentence for a Range I Class A felony is no less than fifteen years and no more than twenty five years. Tenn. Code. Ann. § 40-35-112(a)(1). Plaintiff was sentenced to fifteen years in prison, the minimum sentence permitted by law. Id.; Tenn. Code Ann. § 39-17-432. Consequently, Plaintiff is required by statute to serve the entirety of his fifteen year sentence without parole because Plaintiff was found to have sold the required quantity of drugs within 1,000 feet of a school.

To succeed on a § 1983 claim, Plaintiff must prove a constitutional violation. Here, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Tennessee law does not create a liberty interest in

parole. See Seagroves v. Tennessee Bd. of Probation & Parole, 86 Fed. Appx. 45, 48 (6th Cir. 2003); Rowan v. Traughber, 48 Fed. Appx. 489, 490-91 (6th Cir. 2002); Berry v. Traughber, 48 Fed. Appx. 483, 484 (6th Cir. 2002); Wright v. Trammell, 810 F.2d 589, 590-91 (6th Cir. 1987). Thus, "since [Plaintiff] has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a due process claim based upon the denial of a parole hearing." Utley v. Rose, 201 F.3d 442 (Table), 1999 WL 1252880, at *1 (6th Cir. 1999) (citations omitted).

Plaintiff argues that his rights were violated by being denied parole consideration.[3] (Docket Entry No. 1, Complaint). By statute, Plaintiff is ineligible for a conditional release. Thus, the Defendants' cited failure to provide such eligibility does not violate Plaintiff's constitutional rights.

Plaintiff asserts an equal protection claim in his complaint by alleging that a similarly situated inmate received parole:

> Also, the Plaintiff contends that the T.D.O.C., Defendant's [sic] Little, Whisman, Lindamood, Inglis, Lutche, Bredesen and Board have violated his rights to equal protection because a similarly situated inmate (William G. Barnett #302585) was treated differently as it relates to certification for parole eligibility, consideration and eligibility in the application of [Tennessee law and Department of Correction Procedures].

(Docket Entry No. 1, Complaint at p. 22, ¶ XVII,).

To prevail on his equal protection claim, Plaintiff must prove that the decision-makers in his case acted with a discriminatory purpose. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). For such a claim to succeed, some factual basis must be set forth in the pleadings beyond conclusory allegations:

---

[3] Plaintiff has previously filed an unsuccessful Petition for Post-Conviction Relief in state court that claimed his sentence was illegal and sought to challenge the constitutionality of the sentencing statutes in his case. King v. State of Tennessee, Nos. 39501, 41153, (Tenn. Ct. Crim. App., June 1, 2005).

> Plaintiffs who fail to allege any specific facts to support a claim of unconstitutional motive cannot expect to involve Government actors in protracted discovery and trial. On receipt of such a complaint, Government defendants might move for dismissal or, alternatively, for summary judgment. Then plaintiffs must produce some factual support for their claim to avert dismissal.

Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986) (quoting Hobson v. Wilson, 737 F.2d 1, 29-31 (D.C. Cir. 1984)).

In response to one of Plaintiff's interrogatories, Defendant Inglis responds that William Barnett's judgment order does not reflect that he was sentenced for a school zone offense. (Docket Entry No. 86-5, Response of Debbie Inglis to First Set of Interrogatories at ¶ 14). The Plaintiff has not introduced any evidence to suggest that William Barnett was a similarly situated inmate that was granted parole. Absent such specific facts, Plaintiff's equal protection claim should be dismissed.

For the reasons set forth above, the Defendants' motion for summary judgment should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 22nd day of June, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LABRYANT KING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-1046 |
| ) | JUDGE HAYNES |
| BILL HASLAM, TENNESSEE BOARD OF ) | |
| PROBATION AND PAROLES, TENNESEE ) | |
| DEPARTMENT OF CORRECTION, ) | |
| DERRICK SCHOFIELD, DEBRA K. INGLIS, ) | |
| W. G. LUTCHE, CANDICE WHISMAN, ) | |
| BEN LINDAMOOD ) | |
| ) | |
| Defendants. ) | |

ORDER

In accordance with the Memorandum filed herewith, Plaintiff's motion to postpone judgment (Docket Entry No. 86) and motion to compel discovery (Docket Entry No. 91) are **DENIED**. Defendants' motion for summary judgment (Docket Entry No. 84) is **GRANTED**. This action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 22nd day of June, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge